VINCENT J. BARTOLOTTA, JR., ESQ. SBN 055139
KAREN R. FROSTROM, ESQ. SBN 207044
JARRETT S. CHARO, ESQ. SBN 224001
KEVIN F. QUINN, ESQ. SBN 106224
THORSNES BARTOLOTTA McGUIRE LLP
2550 Fifth Avenue, 11th Floor
San Diego, California  92103
Tel:  (619) 236-9363 / Fax:  (619) 236-9653

William L. Conti
LAW OFFICES OF WILLIAM L. CONTI
100 East San Marcos Boulevard #440
San Marcos, California  92069
Tel:  (760) 780-1700 / Fax:  (760) 705-1335

Attorneys for Plaintiff Keith Reilly, individually and on behalf of all others similarly situated.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keith Reilly, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Monitronics International, Inc., Vision Security, LLC, Security Networks, LLC,<br><br>Defendants. | Case No.:  **'14CV2163 BAS JMA**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT**<br><br>**Jury Trial Demanded** |

Plaintiff Keith Reilly brings this action on his own behalf, and on behalf of all others similarly situated, and alleges based on the investigation of counsel, the existing public record and on information and belief, as follows:

## NATURE OF THE ACTION

1.  This is a Class Action lawsuit brought by Plaintiff (as defined in paragraph 19 below), on his own behalf, and on behalf of all other persons similarly

1

situated, against the Defendants (as defined in paragraphs 15-18 below) who have operated their businesses in violation of 15 U.S.C. § 1681 *et seq.*, ("Fair Credit Reporting Act" or "the Act") by unlawfully obtaining Consumer Reports (as that term is defined in 15 U.S.C. § 1681a(d) and referred to herein as "Credit Reports") on potential customers of Defendants' services without the knowledge or consent of those potential customers.

2. The Fair Credit Reporting Act strictly limits the circumstances under which a person or entity may obtain a Credit Report relating to a consumer and generally prohibits a person from obtaining a consumer's Credit Report without the consumer's authorization.

3. The only circumstance when a person or entity may obtain a consumer's Credit Report, without first obtaining authorization from the consumer, is when the Credit Report is obtained for the limited purpose of offering that consumer a "firm offer of credit or insurance." Obtaining a Credit Report for any other purpose without the consumer's authorization is strictly prohibited.

4. The Act provides that any person or entity who willfully fails to comply with the requirements of the Act with respect to any consumer is liable to that consumer for statutory damages of up to $1,000 per incident, punitive damages, costs of suit, and attorney's fees.

5. The Act further provides that any person or entity who obtains a Credit Report on a consumer, knowingly without a permissible purpose, is liable to that consumer for statutory damages of up to $1,000 per incident, punitive damages, costs of suit, and attorney's fees.

6. In violation of the Act, Defendants' sales techniques involve obtaining Credit Reports on each adult residing in a residence prior to presenting their services to the residents. These adult residents – including Plaintiff – are consumers and Defendants' potential customers. The information in the Credit Reports of these

potential customers is used to give Defendants' salespersons a competitive advantage, as the salesperson will not proceed with the sales presentation of the services if no adult in the residence qualifies for the services. Obtaining these Credit Reports also provides an advantage to Defendants insofar as Defendants would advise their salespersons which services to offer the adult residents. The salespersons can thus limit their presentation only to the services for which the adult residents can qualify.

7. In further violation of the Act, Defendants obtain the Credit Reports of potential customers – including Plaintiff – despite knowing that the potential customers have not authorized Defendants to obtain these Credit Reports, and despite knowing that they (the Defendants) have no permissible purpose in obtaining the Credit Reports.

8. Defendants did not obtain the Credit Reports of potential customers – including Plaintiff – for the purpose of offering a "firm offer of credit or insurance."

9. There is nothing in the Act that allows Defendants to obtain these Credit Reports and Defendants' willful failure to comply with the Act subjects Defendants to liability under the Act.

10. The purpose of this action is to hold Defendants accountable and to obtain maximum legal and equitable relief from Defendants for engaging in unlawful business acts, practices and/or conduct. This action seeks relief on the basis of multiple violations of federal law, that will include as a remedy for the class members, *inter alia*, the following:

   (a) Actual damages for the Defendants' misconduct complained of herein;

   (b) Statutory damages for the Defendants' misconduct complained of herein;

   (c) Punitive damages for the Defendants' misconduct complained of herein; and

3

(d) Injunctive relief; and

(e) Attorney's fees.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the Fair Credit Reporting Act.

12. Plaintiff alleges, upon information and belief, that each of the Defendants conducts professional and commercial activities in California on a substantial, continuous, and systematic basis, and therefore each of the Defendants is subject to the general jurisdiction of the courts of this state.

13. Plaintiff further alleges, upon information and belief that many of the claims asserted in this Complaint arise out of or are related to the Defendants' professional and commercial activities within California, and therefore Defendants are subject to the specific jurisdiction in California.

14. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

15. Upon information and belief, Defendant Monitronics International, Inc. ("Monitronics") is a corporation that is incorporated in Texas and has its principal place of business in Dallas, Texas. Defendant Monitronics is in the business of providing alarm monitoring services. On August 16, 2013, Monitronics acquired all of the equity interests of Defendant Security Networks, LLC. Monitronics further purchases in bulk contracts for alarm services from Defendant Vision Security, LLC and/or utilizes Vision Security, LLC to sell its services to consumers. Plaintiff is informed and believes that Monitronics itself engages in the wrongful conduct directly as herein alleged by engaging in, authorizing, and/or ratifying the illegal acts.

16. Upon information and belief, Defendant Security Networks, LLC

1  ("Security Networks") is a company that is organized under the laws of Florida and
2  has its principal place of business in Dallas, Texas.  Security Networks is in the
3  business of providing alarm monitoring services.  On August 16, 2013, Defendant
4  Monitronics acquired all of the equity interests of Security Networks, including,
5  without limitation, security contracts that were acquired by Security Networks
6  utilizing the illegal sales tactics as herein alleged.

   17.   Upon information and belief, Defendant Vision Security, LLC ("Vision") is a company that is organized in Utah and has its principal place of business in Orem, Utah.  Vision is a home automation and security company.

   18.   The term "Defendants" as used in this Complaint refers collectively to Monitronics, Security Networks, and Vision.

   19.   Plaintiff Keith Reilly is an individual who resides in San Diego, California and is a citizen of California.

   20.    In or around 2012, Mr. Reilly was solicited at his home in Valley Center, California by a salesperson seeking to sell him security services. The salesperson advised that he was an agent of Defendant Vision, an authorized distributor of Monitronics' services, and that he would like to present Mr. Reilly with a proposal for security services.  The salesperson then advised Mr. Reilly that he was required to verify ownership of the home, and asked Mr. Reilly for his full name and date of birth. The salesperson then called Defendant Monitronics' home office and Defendant Vision. Monitronics obtained Mr. Reilly's Credit Report without his authorization, and despite knowing that they did not have his authorization to do so.

   21.   Monitronics, Security Networks, and Vision, did not obtain Mr. Reilly's Credit Report for the purpose of offering him a "firm offer of credit or insurance," nor did Mr. Reilly subsequently receive or accept an offer of credit or insurance from either Defendant.

   ///

## CLASS ACTION ALLEGATIONS

22. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), Plaintiff brings this Class Action on behalf of himself and as representative of the class. The class is defined to include all individuals for whom Defendants obtained Credit Reports from June 2009 through the present – without the prior authorization of those individuals.

23. The joinder of all class members in one action is impracticable. The putative class consists of thousands of class members. The class and class size will be objectively ascertainable upon discovery of Defendants' sales and operations records. The disposition of these persons' claims in a class action will provide substantial benefits to both the parties and the Court. The class is ascertainable and maintains a sufficient community of interest. The rights of each member of the class were violated in a similar fashion based upon Defendants' uniform wrongful conduct.

24. The class representatives' claims are typical of the claims of the members of the class, because the class representatives and all other members of the class were damaged by the same wrongful conduct committed by Defendants, as alleged herein. Moreover, the class representatives' claims are typical because the class representatives and all other members of the class each have interests in the privacy and protection of their credit information.

25. Plaintiff will fairly and adequately protect the interests of the class. The interests of the class representatives are coincident with, and not antagonistic to, the interests of the other members of the class. Plaintiff is aware of his duties to the class.

26. Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.

27. Questions of law and fact common to the members of the class predominate over questions which may affect only individual members. Among the questions of law and fact common to the class are:

6

   (a) Whether Defendants' sales practices violate the Fair Credit Reporting Act;

   (b) Whether Defendants obtained the Credit Reports of the class members without their authorization;

   (c) Whether Defendants obtained the Credit Reports of the class members despite knowing that they did not have authorization to do so.

   (d) Whether Defendants had a permissible purpose for obtaining the Credit Reports of the class members; and

   (e) Whether Defendants acted willfully in violating the Fair Credit Reporting Act.

 28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The class members are so numerous that joinder of all members is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  The class members are unlikely to have an interest in individually litigating their claims due to the expenses of litigation and the small amount of statutory damages provided under the Fair Credit Reporting Act.  There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as a class action.

## **CAUSE OF ACTION FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT**

 29. Plaintiff repeats and re-alleges paragraphs 1 through 28 above, as if fully set forth herein.

 30. Defendants, hundreds of thousands of times per year, violate the Fair Credit Reporting Act by obtaining Credit Reports on potential customers of Defendants' services – including Plaintiff – without obtaining the potential customers'

1  authorization.

2  31.  Defendants, hundreds of thousands of times per year, violate the Fair Credit Reporting Act by obtaining Credit Reports on potential customers of Defendants' services – including Plaintiff – despite knowing that the potential customers have not provided authorization to do so.

32.  Defendants, hundreds of thousands of times per year, violate the Fair Credit Reporting Act by obtaining Credit Reports on potential customers of Defendants' services – including Plaintiff – without the potential customers' authorization despite knowing that, or recklessly disregarding the fact that, such practices violate the Act.

33.  Defendants have no permissible purpose for obtaining these Credit Reports.

34.  Defendants did not obtain these Credit Reports for the purpose of offering potential customers – including Plaintiff – a "firm offer of credit or insurance."

35.  As a result of Defendants' misconduct herein described, Plaintiff and members of the class have suffered actual damages in an amount to be proven at trial.

36.  As a result of Defendants' misconduct, Plaintiff and the class are entitled to recover statutory damages, punitive damages, costs of suit, and attorney's fees.

37.  Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), Plaintiff and the class hereby request certification of the class, as well as statutory damages, punitive damages, attorney's fees, costs, and expenses pursuant to the Act.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that this action be certified as a class, and that judgment be entered against Defendants, jointly and severally, as follows:

(a)  For actual damages in an amount to be determined and proven at time of trial;

(b) For statutory damages in an amount to be determined and proven at time of trial;

(c) For punitive damages in an amount to be determined and proven at time of trial;

(d) For attorney's fees;

(e) For interest thereon at the maximum legal rate;

(f) For pre-judgment interest on all sums awarded at the maximum legal rate;

(g) For the costs of litigation and investigation associated with this suit;

(h) As no adequate remedy at law exists, for temporary, preliminary and permanent injunctive relief enjoining Defendants from obtaining individuals' Credit Reports without their authorization; and

(i) For such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all claims permitted by law.

Dated: September 11, 2014    THORSNES BARTOLOTTA McGUIRE LLP

By:    */s/ Karen R. Frostrom*
VINCENT J. BARTOLOTTA, JR., ESQ.
KAREN R. FROSTROM, ESQ.
JARRETT S. CHARO, ESQ.
KEVIN F. QUINN, ESQ.
Attorneys for Plaintiff Keith Reilly, individually and on behalf of all others similarly situated.

Dated: September 11, 2014    LAW OFFICES OF WILLIAM L. CONTI

By:    */s/ William L. Conti*
WILLIAM L. CONTI
Attorneys for Plaintiff Keith Reilly, individually and on behalf of all others similarly situated.

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Keith Reilly, individually and on behalf of all others similarly situated

**DEFENDANTS**
Monitronics International, Inc., Vision Security, LLC, Security Networks, LLC

**(b)** County of Residence of First Listed Plaintiff: San Diego County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See Attached

Attorneys *(If Known)*

**'14CV2163 BAS JMA**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☒ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. section 1681

Brief description of cause:
Violation of the Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Damages according to proof and injunctive relief

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 09/11/2014

SIGNATURE OF ATTORNEY OF RECORD: /s/ Karen R. Frostrom

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## ATTACHMENT TO CIVIL COVER SHEET

### *Reilly v. Monitronics International, Inc., et al.*

VINCENT J. BARTOLOTTA, JR., ESQ. SBN 055139
KAREN R. FROSTROM, ESQ. SBN 207044
JARRETT S. CHARO, ESQ. SBN 224001
KEVIN F. QUINN, ESQ. SBN 106224
THORSNES BARTOLOTTA McGUIRE LLP
2550 Fifth Avenue, 11th Floor
San Diego, California 92103
Tel: (619) 236-9363 / Fax: (619) 236-9653

William L. Conti
LAW OFFICES OF WILLIAM L. CONTI
100 East San Marcos Boulevard #440
San Marcos, California 92069
Tel: (760) 780-1700 / Fax: (760) 705-1335

Attorneys for Plaintiff Keith Reilly, individually and on behalf of all others similarly situated

1087844v1